# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 15, 2020

159878

HELEN FAYE LINGENFELTER,
          Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY,
          Defendant,

and

BETTY KRIEGER,
          Defendant-Appellee.
_____/

Bridget M. McCormack,
*Chief Justice*

David F. Viviano,
*Chief Justice Pro Tem*

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
*Justices*

SC: 159878
COA: 343292
Monroe CC: 17-139619-NI

On order of the Court, the application for leave to appeal the May 23, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CAVANAGH, J. (*dissenting*).

I respectfully dissent from this Court's order denying plaintiff's application for leave to appeal.

On May 6, 2016, plaintiff was riding in the front passenger seat of her fiancé's vehicle. Defendant ran a red light and struck the vehicle on the front passenger side, causing significant damage to the vehicle and deploying its airbags. There is no dispute that defendant caused the accident. Plaintiff, a retiree in her mid-70s, was taken by ambulance to the hospital where she was summarily discharged after CT scans and x-rays did not show any fractures or bleeding. However, plaintiff contends that the accident caused injuries to her right shoulder, neck, and back, as well as headaches and radiating pain.

Plaintiff filed a claim for first-party personal protection insurance benefits with Farm Bureau Insurance Company and a third-party negligence claim against defendant. At issue in this appeal is only plaintiff's third-party negligence claim. The trial court granted defendant summary disposition pursuant to MCR 2.116(C)(10), finding that plaintiff did not sustain an objectively manifested impairment that affected her general ability to lead her normal life. Plaintiff appealed, and the Court of Appeals majority affirmed over one judge's dissent.

A motion under MCR 2.116(C)(10) is properly granted where there is no genuine issue of material fact. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160 (2019). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id.* (quotation marks and citation omitted). The evidence must be viewed in a light most favorable to the nonmoving party. *Id.* This Court reviews a trial court's decision on a motion for summary disposition de novo. *Id.* at 159.

Michigan's no-fault act, MCL 500.3101 *et seq.*, limits a defendant's tort liability for noneconomic damages resulting from a motor vehicle accident except where the "injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." MCL 500.3135(1). Plaintiff alleges that as a result of the accident caused by defendant she has suffered serious impairment of body function and, therefore, is entitled to recover noneconomic damages. At the relevant times in this case, the no-fault act defined "serious impairment of body function" as an (1) "objectively manifested impairment," (2) "of an important body function," (3) "that affects the person's general ability to lead his or her normal life." MCL 500.3135(5) as amended by 2012 PA 158; see also *McCormick v Carrier*, 487 Mich 180, 195 (2010).[1]

In this case, the trial court concluded that there was no genuine issue of material fact concerning the first and third prong of the "serious impairment of a body function" definition, and the Court of Appeals majority agreed. The sticking point seemed to be that before the accident plaintiff had an extensive history of medical problems. Notably, however, the aggravation of a preexisting condition can constitute a compensable injury under the no-fault act. *Fisher v Blankenship*, 286 Mich App 54, 63 (2009). In my opinion, preexisting conditions or not, viewed in a light most favorable to plaintiff, there was a question of fact concerning whether plaintiff suffered an objectively manifested impairment that affected her ability to lead her normal life.

As to the first prong, an "objectively manifested" impairment is one that is "evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *McCormick*, 487 Mich at 196. In essence, for a plaintiff to make this showing, he or she must present evidence establishing a physical basis for subjective complaints of pain. *Id.* at 198. Such a showing will generally, but not always, require medical documentation. *Id.*

---

[1] MCL 500.3135(5) has recently been amended to expressly incorporate *McCormick*'s interpretation of all three components of this definition. See 2019 PAs 21 and 22. That amendment went into effect on June 11, 2019, after the lower courts rendered their decisions. Accordingly, *McCormick* is the controlling authority in this case rather than the current version of MCL 500.3135(5).

Plaintiff did produce medical documentation of an objectively manifested impairment. This included an "Attending Physician's Report" authored by Dr. Rodney Gilreath, diagnosing plaintiff with traumatic injury to multiple areas, including her back and extremities.[2] The report indicates that the injuries were a result of the accident. It acknowledges plaintiff's past surgery, but indicates an increase in pain since the accident. Additionally, plaintiff presented the trial court with various imaging studies, indicating that she has objectively manifested medical conditions. While defendant provided evidence suggesting that plaintiff's injuries existed prior to the accident, "[a] trial court may not weigh evidence when ruling on a summary disposition motion . . . ." *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 512 (2016). I would conclude that plaintiff's medical documentation was sufficient to create a question of material fact.

In regard to the third prong, an impairment "affects a person's ability to lead her normal life" if it has "an influence on some of the person's capacity to live in his or her normal manner of living." *McCormick*, 487 Mich at 202. This is a subjective inquiry that is person- and fact-specific and requires a comparison of the preincident and postincident life of the plaintiff. *Id*. The plaintiff does not have to show that he or she has actually ceased a preincident activity or lifestyle element, but must only show that his or her general *ability* to do so was affected. *Id*. Moreover, it is the person's ability to lead his or her normal life that is at the center of the inquiry, not that the actual manner of life has been affected. *Id*. Finally, there is no "express temporal requirement as to how long an impairment must last" after the accident. *Id*. at 203.

Similar to my conclusion on the first prong, I believe that the evidence presented by plaintiff also establishes a question of fact regarding whether any alleged impairment affected plaintiff's ability to lead her normal life. For example, plaintiff testified that before the accident she could walk two *miles* per day, but now she can only walk two *blocks*. She said that she can no longer perform housework. She stated that she has trouble sleeping because certain positions are uncomfortable as a result of her injuries. Some may view these limitations as a *de minimis* change in plaintiff's normal life, but given that the inquiry is subjective and centers on plaintiff's ability to live her normal

---

[2] The Court of Appeals majority viewed this evidence as suspect, stating that it "contradicted" Dr. Gilreath's prior, postaccident diagnosis of plaintiff's back pain as "chronic." *Lingenfelter v Farm Bureau Gen Ins Co*, unpublished opinion of the Court of Appeals, issued May 23, 2019 (Docket No. 343292), p 5. In other words, the majority seems to have concluded that Dr. Gilreath was not credible; however, "[t]he court is not permitted to assess credibility" when deciding a motion for summary disposition. *Skinner v Square D Co*, 445 Mich 153, 161 (1994).

life, a retiree in her late 70s with preexisting health problems might not.[3]  In my opinion, this was another question of fact properly left for the jury to resolve.

All that being said, I believe that plaintiff has pleaded sufficient facts to avoid summary disposition in regard to the three-prong test of *McCormick*, and I would therefore vacate the Court of Appeals' judgment and remand to the trial court to consider whether defendant was both the factual and legal cause of plaintiff's injuries.  See *Ray v Swager*, 501 Mich 52, 64 (2017).

BERNSTEIN, J., joins the statement of CAVANAGH, J.

---

[3] I also note that the panel majority cited *McDanield v Hemker*, 268 Mich App 269, 282 (2005), for the proposition that "[s]elf-imposed restrictions based on real or perceived pain do not establish the extent of any residual impairment." *Lingenfelter*, unpub op at 3. I find this proposition highly suspect in light of *McCormick*'s discussion of whether an impairment affects the person's general ability to lead his or her normal life. *McCormick*, 487 Mich at 200-203.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 15, 2020

Clerk

a0512